**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 12-4241**

─────────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

DANIEL FRED ALSTON,

              Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (2:09-cr-01345-DCN-1)

─────────────

Submitted: September 28, 2012     Decided: October 4, 2012

─────────────

Before WILKINSON, MOTZ, and THACKER, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Mary Gordon Baker, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant. William N. Nettles, United States Attorney, Matthew J. Modica, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Fred Alston was convicted of possession with intent to distribute a quantity of cocaine and five grams or more of cocaine base. He was sentenced to 72 months' imprisonment. On appeal, he challenges the district court's denial of his motion to suppress evidence discovered during a traffic stop, during which the officers discovered a cigar box containing marijuana cigarettes and crack cocaine in Alston's waistband and a bag of crack cocaine and cocaine powder in Alston's front pocket. We affirm.

While executing a traffic stop, an officer noticed the odor of marijuana and that the passenger, Alston, was sweating profusely and repeatedly reaching toward his left pocket and the center console of the vehicle. In the interest of officer safety, Alston was asked to step out of the vehicle. As he did so, the officer noticed a bulge in the front of Alston's waistband. The officer asked Alston what it was and, as Alston reached for it, the officer grabbed and removed the object — a cigar box — from Alston's waistband. Looking through the clear cellophane window of the box, the officer saw what he believed to be three marijuana cigarettes. Alston was placed under arrest and, during the search incident to arrest, the officers discovered a plastic baggie containing cocaine or cocaine base in Alston's pants pocket. Alston moved to suppress the

2

evidence, arguing that the officers had no legitimate reason for stopping the vehicle, no reasonable suspicion that he was armed, and that the protective search exceeded that which was necessary to determine whether he was armed.

When the district court has denied a suppression motion, this court "construe[s] the evidence in the light most favorable to the government." United States v. Kelly, 592 F.3d 586, 589 (4th Cir.), cert. denied, 130 S. Ct. 3374 (2010). We review the district court's legal determinations de novo and its factual determinations for clear error, id., and we "defer to a district court's credibility determinations, for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." United States v. Abu Ali, 528 F.3d 210, 232 (4th Cir. 2008) (internal quotation marks omitted).

The "decision to stop an automobile is reasonable when police have probable cause to believe that a traffic violation has occurred." Whren v. United States, 517 U.S. 806, 810 (1996). Observation of any traffic violation, no matter how minor, gives an officer probable cause to stop the vehicle. United States v. Hassan El, 5 F.3d 726, 731 (4th Cir. 1993). The district court credited the officer's testimony that the driver of the vehicle failed to signal a turn; thus the traffic stop was based on probable cause. See United States v. Kellam,

3

568 F.3d 125, 136 (4th Cir. 2009) ("[I]f an officer has probable cause or a reasonable suspicion to stop a vehicle, there is no intrusion upon the Fourth Amendment.").

During a traffic stop, the passenger may be required to exit the vehicle without any indication that the passenger poses a risk to officer safety. Maryland v. Wilson, 519 U.S. 408, 413-15 (1997). Additionally, if the officer has reasonable suspicion that a passenger is armed or is engaged in criminal activity, the officer may pat down the passenger for weapons. Terry v. Ohio, 392 U.S. 1, 30 (1968); see United States v. Sakyi, 160 F.3d 164, 168-69 (4th Cir. 1998); United States v. Raymond, 152 F.3d 309, 312 (4th Cir. 1998).

Based on the totality of the circumstances, we conclude that the district court properly found the officer justified in asking Alston to step out of the vehicle. The officer smelled the odor of marijuana as he approached the vehicle, Alston repeatedly reached toward his left pocket and the center console area, and Alston was sweating profusely. Moreover, the district court properly concluded that the officer's concerns with respect to the bulge in Alston's waistband were appropriate. See United States v. Sokolow, 490 U.S. 1, 8 (1989) (judging reasonableness of pat-down search based on the totality of the circumstances). The bulge was large enough to be a weapon and, when asked about it, Alston

4

reached for the area. The officer — with justifiable concern for his safety — grabbed the object from Alston's waistband.[*] See United States v. Swann, 149 F.3d 271, 275 (4th Cir. 1998) (holding that officer may conduct frisk search and seize item to ensure that it is not a weapon).

Upon removing the cigar box from Alston's waistband, the officer saw through the clear cellophane on the box that it contained three marijuana cigarettes. Based on this discovery, the officer was permitted to seize the incriminating evidence. See United States v. Green, 599 F.3d 360, 376 (4th Cir.) (explaining that plain view doctrine allows warrantless seizure of evidence when officer lawfully is in the area in which he sees the object, has lawful access to the object, and the incriminating nature of the object is apparent), cert. denied, 131 S. Ct. 271 (2010).

Once they arrested Alston on the charge of possession of marijuana, the officers were authorized to conduct a search incident to arrest. During this search, the baggie containing cocaine and crack was discovered in Alston's front pocket. Alston presented evidence and argument that the bag was not in

---

[*] Although Alston challenges the officer's belief that a weapon could be contained within the cigar box, the court credited the officer's testimony that a .25 caliber Lorcin pistol is small enough to fit inside that size box.

5

his pocket and was too large to fit in his pocket, implying that the officers fabricated the evidence. However, the district court, having viewed the actual evidence, determined that the sandwich-bag-sized plastic bag "could easily fit into a pants pocket." The court also made the factual determination that the officer was credible. In light of these findings by the district court, the search incident to arrest and the discovery of the baggie containing crack and cocaine were valid. See United States v. Robinson, 414 U.S. 218, 235 (1973) (holding that, upon lawful warrantless arrest, police may conduct a full search of an arrestee's person and personal items in his possession and control, without any additional justification).

Because the evidence was discovered during a lawful traffic stop and a lawful search incident to arrest, we affirm the district court's order denying Alston's motion and supplemental motion to suppress evidence. We therefore affirm Alston's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED